BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SARPY, NEBRASKA, APPELLEE, V. CLIFFORD W. SCOTT, APPELLANT.

131 N. W. 2d 711

Filed December 18, 1964. No. 35743.

Pilcher, Howard & Hickman, for appellant.

Dixon G. Adams, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, and BROWER, JJ., and ROBERT L. SMITH and ROBERT L. FLORY, District Judges.

BOSLAUGH, J.

This is an appeal from an order of the district court for Sarpy County, Nebraska, overruling a motion to vacate a permanent injunction.

The defendant, Clifford W. Scott, is the owner of the Riverview School Building located at 7509 Bellevue Boulevard in Sarpy County, Nebraska. In 1959, the

defendant was engaged in remodeling the building for use as an apartment house.

On April 15, 1959, the county board of Sarpy County, Nebraska, adopted zoning regulations which became effective on April 17, 1959. Under these regulations the defendant's property was zoned "R-2," a single family residence use district. Thereafter an action was commenced by the Board of County Commissioners of the County of Sarpy, Nebraska, to enjoin the defendant from using the property as a multiple family dwelling.

On July 9, 1959, after a trial upon the merits, the district court found that the defendant had performed a substantial amount of labor and had expended a substantial amount of money for labor and material in remodeling the first floor of the building into three apartments, described as the northwest, southwest, and southeast apartments; that the defendant was entitled to complete the construction of these three apartments and use and occupy them as a nonconforming use; that the defendant should be enjoined from using the center entrance apartment on the first floor and the basement of the building as apartments; and that the defendant's nonconforming use should be limited to the three described apartments upon the first floor of the building. The judgment permanently enjoined the defendant "from completing the construction of or maintaining and operating the center or entrance apartment on the first floor of said premises and the basement apartments of the said premises." The defendant did not appeal from the judgment.

The motion to vacate the injunction was filed on September 26, 1963. An amended motion to vacate the injunction was filed on November 8, 1963. As grounds for relief the defendant alleged that there had been a change in circumstances since the date of the judgment. When the circumstances and situation of the parties have changed so that it would be just and equitable to vacate or modify a permanent injunction, the

court which granted the injunction may vacate or modify it upon motion. Lowe v. Prospect Hill Cemetery Assn., 75 Neb. 85, 106 N. W. 429, affirmed on rehearing, 75 Neb. 100, 108 N. W. 978.

The change of circumstances alleged in this case was the adoption of new zoning regulations by the plaintiff on December 10, 1959. The new zoning regulations did not change the zoning of the defendant's property in any way. The property remained zoned "R-2," single family residence use district. The provisions in regard to nonconforming uses in the new regulations are identical with those in the former regulations. The evidence fails to show a change in circumstances which would provide a basis for vacating the injunction.

The defendant further alleged that the district court's interpretation of the nonconforming use provisions of the original zoning regulations may have been erroneous and that the judgment of July 9, 1959, was, therefore, contrary to law. These allegations do not afford a basis for relief in this proceeding.

When a question in controversy has been once finally decided, it becomes the law of the case and is binding on the parties in all subsequent stages of the litigation. Lowe v. Prospect Hill Cemetery Assn., *supra*. A motion to vacate made after the time for appeal has expired is not a substitute for review upon appeal.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.