ROBERT M. SMITHBERG, APPELLANT, v. THE CITY OF
PLATTSMOUTH ET AL., APPELLEES.
324 N.W.2d 400

Filed September 24, 1982. No. 44433.

E. Michael Slattery, for appellant.

Herbert J. Elworth of Casey & Elworth, for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

BOSLAUGH, J.

The plaintiff, Robert M. Smithberg, owns a 4½-acre tract of land at 18th and Avenue D in Plattsmouth, Nebraska. In 1979 he requested the zoning classification of this property be changed from agricultural open to salvage so that he could operate a salvage business on the property. The requested zoning change was denied by the council upon the recommendation of the planning commission.

This action was commenced in 1980 to enjoin the enforcement of the zoning ordinance against the plaintiff. The answer filed by the defendant city alleged that the operation of a salvage business upon the property was unlawful and that such use should be enjoined. The plaintiff dismissed his petition

without prejudice on May 18, 1981, so the matter was tried on the affirmative allegations of the answer.

The trial court found that the plaintiff was conducting a salvage business on his property in violation of the zoning ordinance of the City of Plattsmouth, and enjoined the plaintiff from continuing the salvage operation. The plaintiff has appealed.

The plaintiff contends the evidence was insufficient to support a finding that his property was situated within the zoning jurisdiction of the city, and that his salvage operation was lawful as a nonconforming use.

Although there were minor conflicts in the evidence, the record establishes that the plaintiff's property is within the zoning jurisdiction of the city and that his salvage operation does not qualify as a lawful nonconforming use.

The request for rezoning filed by the plaintiff, which is in the record, alleged that the property was situated within the city limits. The testimony of the city inspector and the official zoning map which was received in evidence also support a finding that the property was subject to the zoning jurisdiction of the city. The evidence established that the plaintiff did not commence his salvage operation until 1979, approximately 2 years after the property had been zoned agricultural open.

The plaintiff further contends the trial court should not have permanently enjoined the operation of a salvage business upon the property. The judgment enjoins the plaintiff from "continuing a salvage operation" upon the property. The purpose of the judgment is to prevent the plaintiff from continuing an unlawful use of the property. In the event of a change in circumstances the plaintiff may petition the trial court for a modification of the judgment. When the circumstances and situation of the parties have changed so that it would be just and equitable to vacate or modify a permanent injunc-

tion, the court which granted the injunction may vacate or modify it upon motion. *Board of County Commissioners v. Scott,* 178 Neb. 53, 131 N.W.2d 711 (1964); *Lowe v. Prospect Hill Cemetery Ass'n.,* 75 Neb. 85, 106 N.W. 429 (1905), *aff'd on rehearing,* 75 Neb. 100, 108 N.W. 978 (1906); *Wasserburger v. Coffee,* 201 Neb. 416, 267 N.W.2d 760 (1978).

The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., participating on briefs.